Filed 5/18/16  In re A.J. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re A.J., a Person Coming Under the Juvenile Court Law. | B267099 (Los Angeles County Super. Ct. No. CK73523) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>HENRY J. et al.,<br><br>Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Connie R. Quinones, Judge.  Reversed and remanded with directions.

Cameryn Schmidt, under appointment by the Court of Appeal, for Defendant and Appellant Henry J.

Deborah Dentler, under appointment by the Court of Appeal, for Defendant and Appellant Sabrina M.

Mary C. Wickham, County Counsel, and Tracey Dodds, Principal Deputy County Counsel, for Plaintiff and Respondent.

Henry J. (father) and Sabrina M. (mother) appeal from the termination of their parental rights over A.J. (A.J.). The sole issue raised by father and mother is that the Los Angeles Department of Children and Family Services (DCFS) failed to comply with the notice requirements of the Indian Child Welfare Act (25 U.S.C. § 1901 et seq. (ICWA)). DCFS concedes the inadequacy of its notices, and we reverse and remand for compliance.

## BACKGROUND

A.J., born in early 2012, was the subject of a dependency petition filed February 8, 2012. The Indian child inquiry attachment filed with the petition indicated that father told the social worker that his paternal great-grandmother was Cherokee, and his maternal great-grandmother was Choctaw Nation; he was unsure whether either was registered with the respective tribes. Nevertheless, on the same date both parents filed parental notification of Indian status stating that they knew of no Indian ancestry, and the trial court found that ICWA did not apply. The jurisdiction/disposition report, filed February 27, 2012, stated that on February 23, 2012, father indicated that his paternal great-grandmother possibly had Cherokee heritage, and a maternal great-grandmother possibly had Choctaw heritage.

The juvenile court declared A.J. a dependent under Welfare and Institutions Code section 300, subdivision (j) on July 31, 2012. A December 3, 2012 detention report and a January 23, 2013 jurisdiction/disposition report regarding a supplemental petition stated that ICWA did not apply, and DCFS stated in a January 29, 2013 status review report that the court had determined that this was not an ICWA case.

This court reversed the jurisdictional and dispositional orders on mother's appeal on September 10, 2013, and directed the court to hold a new jurisdictional hearing. (*Los Angeles County Department of Children and Family Servs. v. Sabrina M.* (Sept. 7, 2012, B243398) [nonpub. opn.].) DCFS subsequently filed an amended petition on October 21, 2013, representing that an ICWA inquiry had been made and A.J. had no known Indian ancestry. A jurisdiction/disposition report on the same date stated that on February 8, 2012, the court found ICWA did not apply. Father filed an appeal from the findings on

2

the supplemental petition arguing that the juvenile court did not comply with ICWA, but we dismissed the appeal as moot in an order filed February 21, 2014. At the new jurisdictional hearing on April 29, 2014, the juvenile court again found A.J. to be a dependent under section 300, but was silent regarding ICWA.

In a status review report filed January 6, 2015, DCFS stated that ICWA "does or may apply," while subsequent reports stated ICWA did not apply. At the contested section 366.26 hearing there was no mention of ICWA, although father and mother objected to termination of their parental rights. On September 16, 2015, the court found that A.J. was adoptable and that no exceptions to termination applied, and terminated mother's and father's parental rights over A.J. with no mention of ICWA.

Father and mother each timely appealed.

## DISCUSSION

The only issue either parent raises on appeal is the failure of DCFS to comply with the mandatory notice requirements of ICWA. DCFS concedes the inadequacy of its compliance with ICWA, which gives Indian tribes the right to intervene at any time in state court dependency proceedings involving an Indian child. (*In re Nikki R.* (2003) 106 Cal.App.4th 844, 848.)

We will reverse and remand as to both parents for compliance with the notice requirements of ICWA. After proper notice, a tribe with an interest in a child may assert its rights under ICWA and either intervene in the state court, or obtain jurisdiction over the proceedings by transfer to the tribal court. (*In re Kahlen W.* (1991) 233 Cal.App.3d 1414, 1421.) As father and mother do not challenge the order terminating parental rights over A.J. on any other ground, if no tribe intervenes or asserts jurisdiction after proper notice, the juvenile court's order is to be reinstated. (*In re K.M.* (2015) 242 Cal.App.4th 450, 453.)

3

## DISPOSITION

The September 16, 2015 order terminating parental rights is reversed.  The matter is remanded to the juvenile court with directions to comply with the notice requirements of Indian Child Welfare Act.  If, after proper notice, a tribe asserts its right under Indian Child Welfare Act to intervene in the state court, or to obtain jurisdiction over the proceedings by transfer to the tribal court, the cause shall proceed in accordance with the tribe's election.  If there is no intervention or assertion of jurisdiction by any tribe after proper notice, then the juvenile court's order shall be reinstated.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


CHANEY, Acting P. J.


LUI, J.